## CIRCUIT COURT OF WARREN COUNTY

Government Employees Insurance Co.

v.

Chester H. Miller, Jr., et al.

July 29, 1977

Case No. (Chancery) 3390

By JUDGE DUNCAN C. GIBB

The facts in this case are fairly clear and straightforward. However, the interpretation of Virginia's Non-Resident Motorist Statute (Sections 8-67.1 and 8-67.2) based on these facts is not so clear and straightforward. On July 21, 1968, Miller and Leeth were involved in an automobile accident in Warren County and on that date Leeth was insured by the Complainant. On July 29, 1970, Miller filed a Motion for Judgment against Leeth in this court and Service of Process was made under the above code sections by mailing notice to Leeth at his Maryland resident address which he listed in the accident report. On March 6, 1973, this court entered a Default Judgment in favor of Miller against Leeth. The Complainant instituted this suit to have the Default Judgment declared null and void on the grounds that Leeth had died between the date of the accident and prior to the institution of the Motion for Judgment and that Service of Process should have been made upon his personal representative. The Defendants herein have demurred, and Ground # 3 was previously overruled by this court.

The facts alleged in the Bill of Complaint, and the inferences to be drawn therefrom, clearly indicate, for the purposes of the argument on the demurrer, that the Complainant has sufficient interest in this case and the judgment heretofore rendered against its insured, Leeth, to institute this suit.

Complainant does not attack the verity of the return of the Service of Process. There is no allegation that there was a false return. What Complainant is attempting to show is that Service of Process was not made in the manner required by Section 8-67.1 and therefore the judgment was a nullity. That Statute states in effect that if the non-resident is alive, Service shall be made by mailing notice to him at the address which he gave in the accident report and this was the method used by Miller in the Motion for Judgment against Leeth. However, the Statute clearly provides that if the non-resident dies before action is commenced, then Service shall be made upon the personal representative in the same manner and on the same notice as is provided in the event the non-resident is alive. The question to be determined is who has the responsibility for determining if the non-resident is dead or alive. Certainly this is not the responsibility of the D.M.V. If it is the responsibility of the personal representative, this places an unreasonable burden upon him in that it would require him to notify every state of his appointment and address. This would cause voluminous and unnecessary paper work. Logically it follows that the burden should be upon the Plaintiff in the Motion for Judgment and this is supported by the strict construction which must be placed upon this Statute.

Complainant alleges that if there was an invalid Service of Process, the judgment is void and it may be attacked without the necessity of the Complainant alleging fraud or mistake. I agree.

For the foregoing reasons and for the reasons set forth in the Memorandum of Authorities submitted by Complainant, the remaining three Grounds of the Demurrer are overruled.